UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHNSON KENNEDY III,

      Plaintiff,

v.                                  **Case No: 6:23-cv-693-NWH**

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## ORDER

This cause comes before the Court on Richard A. Culbertson's Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (the "Motion"), filed September 23, 2025. (Doc. 23). Therein, Plaintiff's counsel, Richard A. Culbertson ("Counsel"), requests leave to recover $5,000.00 in attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (*Id.* at 1). The Commissioner did not file a response to the Motion, but Counsel represents that he conferred with counsel for the Commissioner who neither supports nor opposes the award of fees. (*Id.* at 3). For the reasons set forth below, the Motion is due to be granted.

## I.    BACKGROUND

On February 22, 2023, Plaintiff and Counsel entered into a contingency fee agreement (the "Agreement"), whereby Plaintiff agreed that Counsel may seek a fee of 25% of the total amount of past-due social security benefits awarded to Plaintiff. (Doc. 23-1). Ultimately, the Court reversed the decision of the Commissioner and

remanded the case for further administrative proceedings. (Doc. 19). On August 29, 2023, the Court awarded Plaintiff attorney's fees in the amount of $718.94 and costs in the amount of $402.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 22).

On remand, Plaintiff was ultimately awarded past-due Social Security Disability benefits in the amount of $174.968.00. (Doc. 23, ¶ 2; Doc. 23-2). Counsel, thereafter, filed the instant Motion seeking an award of attorney's fees. (Doc. 23). Specifically, Counsel requests an order authorizing him to charge and collect $5,000.00 in attorney's fees from Plaintiff, pursuant to 42 U.S.C. § 406(b). (*Id.* at 2).

## II.    STANDARD

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The Eleventh Circuit has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

## III.   DISCUSSION

### A. Fee Award Under § 406(b)

Since Plaintiff was awarded past-due benefits following remand (Doc. 23-2), the Court may award attorney's fees under § 406(b). Counsel requests an award of $5,000.00 in attorney's fees, which is calculated as follows: $43,742.00, which is 25% of the total past-due benefits awarded to Plaintiff, minus the $718.94 in EAJA fees paid to Counsel from Plaintiff's past-due benefits in this case, resulting in a contingency fee of $43,023.06. (Doc. 23, ¶ 3). Counsel has voluntarily agreed to reduce the amount of his fee to $5,000.00 under the circumstances. (*Id.*).

### B.  Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id.* at 1365 (citations omitted). Courts in the Middle District of Florida have adopted this analysis. *See, e.g.*, *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *3 (M.D. Fla. Oct. 23, 2008); *McKee v. Comm'r of Soc. Sec.*,

- 3 -

No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Quintana v. Comm'r of Soc. Sec.*, No. 6:18-cv-1267-ORL-LRH, 2020 WL 7865594, at *2 (M.D. Fla. June 1, 2020).

The Agreement demonstrates that Plaintiff agreed to pay attorney's fees equal to 25% of the total of past-due benefits to which he was entitled. (Doc. 23-1). The Commissioner neither supports nor opposes this award of fees. (Doc. 23 at 3). Counsel is entitled to seek $43,023.06 pursuant to the Agreement but has voluntarily reduced that amount to $5,000. (Doc. 23, ¶ 3). Although Counsel spent at only 3 hours representing the Plaintiff in this case, Counsel recovered a substantial sum of past-due disability payments for Plaintiff. (Docs. 23, ¶ 4, and 23-2). The Court therefore finds the character of representation and the results achieved to be excellent. After reviewing the Motion, the contingency fee agreement, the character of the representation, and the results obtained, and Counsel's agreement to seek substantially less that permitted under the Agreement, the undersigned finds that an award of $5,000.00 in attorney's fees is reasonable.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. Richard A. Culbertson's Request for Authorization to Charge a Reasonable Fee Pursuant to 42 U.S.C. § 406(b) (Doc. 23) is **GRANTED**.

2. Counsel is **AWARDED** $5,000.00 in attorney's fees pursuant to § 406(b) to be paid by the Commissioner from Plaintiff's past-due benefits.

**DONE** and **ORDERED** in Orlando, Florida on February 6, 2026.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE